UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

VERONICA CASON,
    Plaintiff,
v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____)

**COMPLAINT**

The Plaintiff, VERONICA CASON ("CASON"), by and through her undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. CASON brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of plan.

2. CASON was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of Maine, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, can be found in the Southern District of Florida, and is authorized to and is doing business within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CASON by PRUDENTIAL.

6. CASON was at all times material an employee of TRW AUTOMOTIVE U.S. LLC ("TRW AUTOMOTIVE").

7. CASON was at all times material a plan participant under the TRW AUTOMOTIVE Long-term Disability Plan, Group Policy No. G-50257-MI (the "LTD Plan") which was established by TRW AUTOMOTIVE, and pursuant to which CASON is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

10. As the decision maker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest, and the bias this created affected the claims determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. The LTD Plan documents lack a discretionary clause; therefore, the appropriate standard of review to be applied is de novo.

12. PRUDENTIAL is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made in CASON's claim.

13. Pursuant to the terms and conditions of the LTD Plan, CASON is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

14. According to the LTD Plan,

    The test of "Disability" is as follows:

    **How Does Prudential Define Disability?**

    You are disabled when Prudential determines that:

    - you are unable to perform the *material and substantial duties* of your *regular occupation* due to your *sickness* or *injury*; and
    - you are under the *regular care* of a *doctor*; and
    - you have a 20% or more loss in your *monthly earnings* due to that sickness or injury.

    After 6 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

    - you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and
    - you are under the regular care of a doctor.

    The loss of a professional or occupational license or certification does not, in itself, constitute disability.

15. At all relevant times, CASON has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

16. Since on or about April 3, 2013, CASON has been disabled under the terms of the LTD Plan.

17. At all relevant times, CASON has been under the regular care of a doctor.

18. At all relevant times, CASON was a Covered Person under the LTD Plan.

19. Shortly after becoming disabled under the terms of the LTD Plan, CASON made a claim to PRUDENTIAL for disability benefits and submitted the required proof of loss.

20. PRUDENTIAL originally approved CASON's claim for LTD benefits and paid benefits through July 7, 2014, after applicable waiting period.

21. By letter dated June 16, 2014, without reasonable basis or justification, Prudential

terminated CASON's benefits effective July 8, 2014.

22. CASON timely appealed PRUDENTIAL's, June 16, 2014, adverse benefit determination.

23. On or about August 20, 2014 PRUDENTIAL affirmed its adverse determination, and advised CASON of right to a second level appeal.

24. CASON timely submitted a second appeal of PRUDENTIAL's June 16, 2014 adverse benefit determination.

25. On or about July 13, 2015 PRUDENTIAL again affirmed its adverse determination and advised CASON that its decision was final and not subject to further review.

26. From July 8, 2014 to the present date, CASON has not received benefits owed to her under the LTD Plan, despite CASON's right to these benefits.

27. At all relevant times, PRUDENTIAL was the payor of benefits.

28. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

29. At all relevant times, PRUDENTIAL was the Plan Administrator.

30. At all relevant times, CASON has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

31. CASON has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

32. CASON incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

4

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), CASON, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

35. CASON has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay her disability benefits.

36. CASON has exhausted all administrative remedies under the LTD Plan.

37. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to CASON at a time when PRUDENTIAL knew, or should have known, that CASON was entitled to those benefits under the terms of the LTD Plan, as CASON was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of CASON's claim for LTD benefits;

    (c) After CASON's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to CASON any additional material or information necessary for CASON to perfect her claim along with an explanation of why such material is or was necessary.

    (d) PRUDENTIAL failed to properly and adequately investigate the merits of CASON's disability claim and failed to provide a full and fair review of CASON's claim.

38. CASON believes and thereon alleges that PRUDENTIAL wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which CASON is presently unaware, but which may be discovered in this future litigation and

which CASON will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by him.

39. Following the termination of benefits under the LTD Plan, CASON exhausted all administrative remedies required under ERISA, and CASON has performed all duties and obligations on her part to be performed under the LTD Plan.

40. As a proximate result of PRUDENTIAL's aforementioned wrongful, CASON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding CASON's claim for benefits, CASON, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CASON is entitled to have such fees and costs paid by PRUDENTIAL.

42. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist, therefore, CASON is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, VERONICA CASON prays for relief against PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due to VERONICA CASON from July 8, 2014, through the date a judgment is entered in this action;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as CASON remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

Dated: October 14, 2015

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864


*S/ Cesar Gavidia*
Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com